# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUCIA SOARES NEASE, | Case No. 2:19-CV-642 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO CASUALTY COMPANY, | |
| Defendant(s). | |

Presently before the court is GEICO Casualty Company's ("defendant") motion to dismiss or, in the alternative, sever and stay the case. (ECF Nos. 5, 6).[1] Plaintiff Lucia Nease ("plaintiff") filed a single response to both motions (ECF No. 8), to which defendant replied (ECF No. 9).

**I.   Facts**

The instant action arises from plaintiff's car accident with non-party Robert Sullivan ("Sullivan"). (ECF No. 1-1). Sullivan changed lanes "[s]uddenly and without warning" and collided with plaintiff's vehicle. *Id.* at 4. Plaintiff alleges that she sustained serious injuries. *Id.* In total, plaintiff asserts that her past and future medical expenses as a result of the accident totals $517,074. *Id.* at 6.

Plaintiff had and maintains an insurance policy with defendant; the policy includes underinsured motorist coverage with a $300,000 limit. *Id.* at 4. Sullivan's insurance limit was $100,000. *Id.* As a result of her $517,074 claim, plaintiff argues Sullivan was an underinsured

---

[1] Defendant's two motions are actually a single motion, which defendant' filed twice to comply with LR IC 2-2(b). *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

**James C. Mahan**
**U.S. District Judge**

driver. *Id.* Plaintiff filed an underinsured motorist claim, submitted documentation in support of her damages, and demanded the policy limit from defendant. *Id.* at 4–6.

Plaintiff's documentation notwithstanding, defendant retained Dr. David E. Fish to evaluate plaintiff's claim. *Id.* at 6. Based on Dr. Fish's valuation of plaintiff's claim—$25,623, including pain and suffering—defendant declined coverage because it determined that Sullivan was not underinsured. *Id.* at 6–7.

As a result of defendant's denial of coverage, plaintiff filed the instant action in state court on March 13, 2019. *Id.* Defendant removed the case to federal court on April 15, 2019. (ECF No. 1).

## II. Legal Standard

### A. *Motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint

alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### B. *Motion to stay*

Courts have broad discretion in managing their dockets. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (courts have the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants"). In exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

## III. Discussion

Defendant moves to dismiss plaintiff's claims for breach of the implied covenant of good faith and fair dealing and violation of NRS 686A.310.[2] (ECF No. 5). In the alternative, defendant moves to sever and stay plaintiff's claim for breach of the implied covenant of good faith and fair dealing. (ECF No. 6).

### A. *Breach of implied covenant of good faith and fair dealing*

---

[2] Defendant expressly acknowledged that "[w]hile GEICO denies that it breached the contract, it is not seeking Rule 12(b)(6) dismissal of that cause of action presently." (ECF No. 9 at 4).

**James C. Mahan**
**U.S. District Judge**

- 3 -

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 426–27 (Nev. 2007). The purpose of the claim is to prevent a contracting party from "deliberately countervén[ing] the intention and spirit of the contract." *Morris v. Bank of America Nevada*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith to the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919 (Nev. 1991).

Here, plaintiff alleges—and defendant does not dispute—that she had a valid insurance contract with defendant. (ECF No. 1-1 at 4). Plaintiff further alleges that she submitted documentation demonstrating a total of $517,074 in past and future medical expenses. *Id.* at 6. Of that total, plaintiff alleges that her past medical expenses alone constitute $109,074. *Id.*

Nonetheless, defendant denied coverage because its retained expert, Dr. David E. Fish, concluded that plaintiff's claim was worth only $25,723. *Id.* Plaintiff argues that "[d]efendant GEICO owes [p]laintiff a duty of good faith in reasonably evaluating and handling [p]laintiff's claim" and that "[d]efendant GEICO hired an expert it knew was biased against injury claimants." *Id.*

Defendant argues that "a reading of the [c]omplaint shows only that there is a dispute as to value." (ECF No. 5 at 9). Defendant contends that a dispute as to value cannot "rise to the level to support an extra-contractual cause of action" like bad faith. *Id.* at 5. But defendant also posits that "[a]n insurer breaches the covenant of good faith and fair dealing only when it acts in bad faith, which is defined as 'unreasonable' conduct." *Id.* at 9 (citing *McDaniel v. Gov't Employees Ins. Co.*, 681 Fed. Appx. 614, 615–16 (9th Cir. 2017), cert. denied, 138 S. Ct. 300 (2017)).

Although defendant contends that its reliance on Dr. Fish's valuation insulates it from liability for bad faith, conspicuously absent from defendant's motion is any assertion that Dr. Fish's valuation was reasonable or done in good faith. Plaintiff, on the other hand, suggests that Dr. Fish's valuation was unreasonable. (ECF No. 8 at 7). Plaintiff also argues that defendant was unreasonable when it "disregarded all of [p]laintif's medical providers' opinions regarding [p]laintiff's . . . treatment." *Id.* Plaintiff further argues, and the allegations in her complaint suggest, that "a dispute in value of more than $506,000.00 is unlikely genuine." *Id.*

The court accepts the facts alleged in plaintiff's complaint as true and finds that there is a plausible claim for relief under the implied covenant of good faith and fair dealing. Accordingly, defendant's the motion to dismiss is denied as to plaintiff's bad faith claim.

*B. NRS 686A.310*

The Nevada Unfair Claims Practices Act, codified at Section 686A.310 of the Nevada Revised Statutes, addresses "the manner in which an insurer handles an insured's claim." *Zurich Am. Ins. Co. v. Coeur Rochester*, Inc., 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). The statute lists sixteen activities that constitute unfair practices. NEV. REV. STAT. § 686A.310(1)(a)–(p). When an insurance company engages in one of these prohibited activities, the insured may bring a private right of action against the insurer for violations of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F.Supp. 900, 903 (D. Nev. 1994).

NRS 686A.310(1) contains many subsections, which include prohibitions on unreasonable delays, not instituting reasonable standards for prompt resolution of claims, and offering unreasonable or unfair settlements. *See* Nev. Rev. Stat 686A.310(1)(b), (c), (e), (f), (n).

. . .

Plaintiff identifies three provisions of the Unfair Claims Practices Act that defendant allegedly violated. (ECF No. 1-1 at 10). These provisions read:

> (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

> (e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.
>
> (f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

NEV. REV. STAT. § 686A.310(1)(b), (e), (f).

Plaintiff's allegations in support of her claims of violation of the Nevada Unfair Claims Practices Act do not include any details as to how defendant failed to act promptly, compelled plaintiff to initiate litigation, or failed to provide a reasonable explanation for its decision. *See* (ECF No. 1-1 at 9).

Accordingly, because plaintiff has only recited the relevant subsections under NRS 686A.310(1), the court will dismiss without prejudice plaintiff's third cause of action. *See Starr*, 652 F.3d at 1216 ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action").

*C. Motion to stay*

Defendant argues that the court should sever and stay plaintiff's claim for breach of the implied covenant of good faith and fair dealing in order to simplify the issues for trial and conserve resources. (ECF No. 6). However, considering the simple nature of this litigation and the close relation between the breach of contract claim and the breach of covenant claim, there is no advantage to bifurcating this case.

Indeed, defendant's argument for dismissing plaintiff's claims is premised on the fact that "this dispute . . . is as to the valuation of the injury." (ECF No. 5 at 5). Thus, the issue of which valuation is proper—and whether that valuation was reasonable and in good faith—necessarily resolves both the breach of contract and extra-contractual claims. Because the claims arise from the same transaction and occurrence and require the parties to address the same core facts, joint discovery and trial is appropriate.

James C. Mahan
U.S. District Judge

- 6 -

Accordingly, the court will deny defendant's motion to sever and stay. *See, e.g.*, *Landis*, 299 U.S. at 254 (courts have the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants").

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion to stay case (ECF No. 6) be, and the same hereby is, DENIED.

DATED September 6, 2019.

_____
UNITED STATES DISTRICT JUDGE